**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony Terrel Dixon (#2019-0323131), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-1524 |
| | ) | |
| v. | ) | |
| | ) | Hon. Steven C. Seeger |
| Superintendent Jones-Hayes, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

    Plaintiff's motion to proceed *in forma pauperis* [Dckt. No. 3] is denied without prejudice. The Court directs Plaintiff to submit a renewed IFP application that is complete, signed, and certified by a trust fund officer. He must also attach copies of facility trust fund ledgers showing his income for the six months before he brought this action, from August 28, 2019 through February 28, 2020. Failure to comply by March 31, 2020, will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Court instructs the Clerk to provide Plaintiff with a blank IFP application along with a copy of this Order.

**STATEMENT**

    Plaintiff Anthony Terrel Dixon, an inmate in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants (jail officials) violated his constitutional rights by using unjustified force against him or, alternatively, failing to intervene when a fellow officer engaged in excessive force.

    Plaintiff has filed an incomplete application for leave to proceed *in forma pauperis*. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from his custodian stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. *See* 28 U.S.C. § 1915(a)(2). Furthermore, to enable the Court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id.*

    In this case, Plaintiff's IFP application is missing pages and is not certified by a trust account officer. In addition, the document is unsigned. Litigants are required to sign every document they submit for filing. *See* Fed. R. Civ. P. 11(a).

In short, if Plaintiff wants to proceed with this lawsuit, he must submit a certified, complete, and signed IFP application, along with copies of trust fund ledgers showing his income for the six months preceding the initiation of this lawsuit – that is, from August 28, 2019 through February 28, 2020. The Clerk will provide Plaintiff with a blank IFP application. The other alternative is to pay the filing fee. Failure to submit a sign, complete IFP application or, in the alternative, to submit the statutory filing fee of $400.00 by March 31, 2020 will result in summary dismissal of this suit. *See Thomas v. Butts*, 745 F.3d 309, 312–13 (7th Cir. 2014).

Date: March 3, 2020

Steven C. Seeger
United States District Judge