UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Anthony T. Dixon (#2019-0323131), ) | |
| ) | |
| Plaintiff, ) | Case No. 20 CV 1524 |
| ) | |
| v. ) | Hon. Steven C. Seeger |
| ) | |
| Superintendent Jones-Hayes, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ORDER

Plaintiff's renewed application for leave to proceed *in forma pauperis* [Dckt. No. 9] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $14.93 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this Order. The Court dismisses Sheriff Thomas Dart as a Defendant on preliminary review pursuant to 28 U.S.C. § 1915A. The Court directs the Clerk to: (1) send copies of this Order to the trust account office at Plaintiff's place of confinement, and to the Court's Fiscal Department; (2) file Plaintiff's complaint [Dckt. No. 1]; (3) issue summonses for service of the complaint on Defendants Clark, Jones-Hayes, and Holmes; and (4) mail Plaintiff three blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this Order. The Court appoints the U.S. Marshal to serve Defendants. The Court advises Plaintiff that a completed USM-285 form is required for service on each Defendant. Plaintiff must fill out and return the required service forms or this case may be dismissed for failure to prosecute. The U.S. Marshal will not attempt service on Defendants unless and until the required forms are received. Plaintiff's motion for attorney representation [Dckt. No. 10] is denied without prejudice.

## STATEMENT

Plaintiff Anthony Terrel Dixon, an inmate in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff claims that Defendants – jail officials – violated Plaintiff's constitutional rights by using unjustified force against him, or by failing to intervene when a fellow officer engaged in excessive force. Plaintiff has submitted a renewed, properly completed application to proceed *in forma pauperis*, as directed. *See* Dckt. Nos. 5, 9.

## I. In Forma Pauperis Application

Plaintiff has demonstrated that he cannot prepay the filing fee. So, his application for leave to proceed *in forma pauperis* is granted. Under 28 U.S.C. §§ 1915(b)(1) and (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $14.93 to the Clerk of Court for payment of the initial partial filing fee. Payments must be collected until the $350 filing fee is paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case. The Court directs Plaintiff's trust fund officer ensure that a copy of this Order is mailed to each facility where Plaintiff is housed until all filing fees have been paid in full.

## II. Threshold Screening

The Court turns, then, to the complaint, under 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The Court must screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

### 1. Facts

Plaintiff Anthony Dixon is a detainee at the Cook County Jail. Defendant Clark is a

correctional officer at the jail. Defendant Holmes is a senior lieutenant at the facility. Defendant Jones-Hayes is the superintendent of Plaintiff's housing unit. Defendant Thomas Dart is the Sheriff of Cook County.

Plaintiff alleges the following facts, assumed true for purposes of the Court's threshold review. *See* Cplt., at 4 (Dckt. No. 1). On July 6, 2019, Plaintiff and a large gathering of fellow inmates were in a common room attending a dance recital. Defendants Jones-Hayes and Holmes were supervising the group. Suddenly, Defendant Clark and members of the Internal Affairs Office rushed onto the tier. According to the complaint, it should have been plain for the arriving officers to see that Plaintiff and the other inmates were peacefully seated and under the supervision of tier officers.

Upon the arrival of Clark and the other officers, the detainees immediately laid down on the floor. They motioned for Plaintiff to do the same, but before he could do so, Clark "rushed" and "ran" to him, grabbed him by the back of his belt, and threw him to the floor. *Id.* Neither Jones-Hayes nor Holmes tried to stop Clark. Clark threw Plaintiff to the ground so forcefully that he momentarily lost consciousness. Pain and dizziness overwhelmed him. *Id.* ("I went unconscious for a moment or two and was laying on the floor, face down with pain flooding my body and dizziness overwhelming my being.").

Afterwards, correctional officers had to help Plaintiff to his feet – he couldn't stand up on his own, due to the pain and vertigo he was experiencing. *Id.* Plaintiff later received medical attention for his bruises, pain, and other injuries.

2. **Analysis**

Accepting Plaintiff's factual allegations as true, the Court finds that the complaint states colorable – if borderline – federal causes of action against Defendants. Plaintiff may proceed on his excessive force claim against Defendant Clark.

Courts apply an "objective unreasonableness" inquiry to claims brought by pretrial detainees under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, --- U.S. ---, 135 S. Ct. 2466, 2475 (2015)). To prevail on an excessive force claim, a pretrial detainee must demonstrate that the force knowingly or purposely used against him was objectively unreasonable. *Kingsley*, 135 S.Ct. at 2471–73. Of course, "not every push or shove by a prison guard violates a prisoner's constitutional rights." *United States v. Waldman*, 835 F.3d 751, 755 (7th Cir. 2016) (Eighth Amendment context) (quoting *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000)). But in this case, Plaintiff alleges that he suffered more than just a push. Instead, he says that (a) he had no time to comply with an order to lie on the floor, and (b) Clark threw him to the ground with such force as to cause him to black out. Not only that, but Plaintiff needed medical treatment for his injuries. If Clark used significantly more force than necessary to maintain or restore order, then Plaintiff may have a claim.

Plaintiff has pleaded a tenable cause of action against Defendants Jones-Hayes and Holmes, too. Plaintiff alleges that Jones-Hays and Holmes failed to intervene during Clark's alleged assault on Plaintiff. "[O]fficers may be liable for failing to take reasonable steps to stop the use of excessive force by a fellow officer [] *if the officers had a realistic opportunity to intervene* to prevent the harm from occurring." *Green v. Chvala*, 567 F. App'x 458, 461 (7th Cir. 2014) (unpublished opinion) (internal quotations omitted) (emphasis added).

The complaint seems to suggest that Plaintiff is suing Clark on the basis of a single, swift action. It's unclear to the Court whether Defendants Jones-Hayes and Holmes had a realistic opportunity to intervene. After all, the whole premise of the complaint is that everything happened so fast that Plaintiff could not get on the ground on time. And Defendant Clark "ran" to him, which underscores the speed. It's unclear how close Defendants Jones-Hayes and Holmes were at the time.

Still, Plaintiff gets the benefit of the doubt at the pleading stage. For now, Plaintiff may further develop his claim if he believes that he can establish that Jones-Hayes and Holmes were in a position to stop Clark. Nothing in this Order, which is based on preliminary review of the complaint without benefit of the adversarial process, precludes any legal or factual argument that Defendants may advance in response to Plaintiff's allegations. Perhaps they will argue that they had no opportunity to intervene, but that is a question for another day.

Plaintiff's allegations don't support a claim against Sheriff Thomas Dart. Section 1983 is premised on the wrongdoer's *personal* responsibility. So, an individual cannot be held liable in a civil rights action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). And the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Plaintiff has alleged no facts suggesting Dart's direct, personal involvement, as required by *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (*inter alia*). Nor has Plaintiff indicated that the alleged violations of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* at 833–34. Plaintiff has failed to offer any facts indicating that Dart was personally involved in – or even aware of – the alleged circumstances giving rise to this lawsuit. The Court thus dismisses Dart as a Defendant on preliminary review under Section 1915A.

The Court directs the Clerk of Court to issue summonses for service of the complaint on Defendants Clark, Jones-Hayes, and Holmes. The Court further directs the Clerk to mail Plaintiff three blank USM-285 (Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for service on each Defendant. The Marshal will not attempt to serve Defendants unless and until the required forms are received. Plaintiff must therefore complete and return service forms for Defendants. Failure to do so may result in dismissal of the unserved Defendant, as well as dismissal of this case in its entirety.

The Court appoints the U.S. Marshals Service to serve Defendants Clark, Jones-Hayes, and Holmes. The Court directs the Marshal to make all reasonable efforts to serve Defendants. If either Defendant can no longer be found at the work address provided by Plaintiff, then the

Cook County Department of Corrections must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendants. The Court authorizes the Marshal to send requests for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to mail/file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The Court advises Plaintiff that he must promptly advise the Court and opposing counsel in the event of any change in his address. Failure to do so may lead to dismissal of this action for want of prosecution.

### III. Motion for Attorney Representation

The Court denies Plaintiff's motion for attorney representation at this time. There is no constitutional right to court-appointed counsel in federal civil litigation, but the Court has discretion to recruit an attorney for any litigant who cannot afford one. *Pennewell v. Parish*, 923 F. 3d 486, 490 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(1)); *Pruitt v. Mote*, 503 F.3d 647, 654 –55 (7th Cir. 2007) (en banc) (in turn citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). When deciding whether to recruit counsel, the Court engages in a two-part test to determine whether the services of a lawyer are warranted. *Pennewell*, 923 F.3d at 490. The Court first assesses whether the plaintiff has made a reasonable attempt to retain counsel or been effectively precluded from doing so. *Id.* (citing *Pruitt*, 503 F.3d at 654–55). If so, the Court considers whether, given the difficulty of the case, the plaintiff appears competent to litigate the matter himself. *Id.* "If the answer to the first question is yes and the second question no, the district court must request counsel." *Pennewell*, 923 F.3d at 490 (citing *Walker v. Price*, 900 F.3d 933, 935 (7th Cir. 2018)).

With respect to the second question, the Court must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel. *Pennewell*, 923 F.3d at 490 (citing *Pruitt*, 503 F.3d at 655). Because "[c]ompetence and difficulty are intertwined," *Pennewell*, 923 F.3d at 490, "[t]he difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* (citing *Walker*, 900 F.3d at 939). The question is not whether the *pro se* litigant would be as effective as a lawyer, but rather whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case. *Id.* This inquiry considers all tasks that normally attend litigation, including evidence-gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial. *Pennewell*, 923 F.3d at 491 (citing *Walker*, 900 F.3d at 939). The Court must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations, and any other characteristics that may limit the plaintiff's ability to litigate the case. *Id.* The Court must also consider the complexities of the advanced stages of litigation when the case has moved past the pleading stage. *Pennewell*, 923 F.3d at 491 (citing *Perez*, 792 F.3d at 785). A prisoner's

transfer to another facility, cases involving a defendant's state of mind, and the existence of complex medical issues may also have bearing on a plaintiff's ability to litigate an action *pro se*. *Pennewell*, 923 F.3d at 491.

After considering the above factors, the Court finds that solicitation of counsel for Plaintiff is not currently warranted. First, Plaintiff has failed to show either that he has made a reasonable effort to retain counsel, or that he is unable to do so. Second, it is still too early in the case to make any accurate determinations regarding either Plaintiff's abilities or the potential merit of this lawsuit. *See Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019) (observing that a motion for attorney representation may be filed "so early in the case that it [i]s impossible to tell whether [the plaintiff] could represent himself adequately"); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (approving, at the screening stage of the proceedings, the denial without prejudice of such a motion). This case involves no complex scientific, medical, or technical issues. And Plaintiff points to no impediment to pursuing his claims. The Court observes that Plaintiff's initial submissions are lucid and reasonably well written. Plaintiff can easily testify about the events that transpired that gave rise to this lawsuit. Plaintiff seems perfectly capable of presenting his claims, notwithstanding the general obstacles posed by the fact of incarceration. Nevertheless, should the case proceed to a point that assistance of counsel is appropriate, the Court will entertain a renewed request.

Date: April 27, 2020

Steven C. Seeger
United States District Judge