
RECEIVED
FEB 28 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT


FILED
4/27/2020
SXB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

Anthony Terrel Dixon

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

Superintendent Jones-Hayes

Lieutenant Holmes

Sheriff Tom Dart

Assistant Sheriff Clark

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

1:20-cv-01524
Judge Steven C. Seeger
Magistrate Judge Sidney I. Schenkier
PC 1

Case No: _____
(To be supplied by the Clerk of this Court)

CHECK ONE ONLY:

✓ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

___ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code (federal defendants)

___ OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

■ List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: NonE

B. Approximate date of filing lawsuit: N/A

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

D. List all defendants: N/A

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): N/A

F. Name of judge to whom case was assigned: N/A

G. Basic claim made: N/A

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

I. Approximate date of disposition: N/A

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

# I. PLAINTIFF

1. Plaintiff Anthony T. Dixon is and was at all times mentioned herein a detainee of the Cook County department of corrections in Chicago IL and is the Plaintiff in this matter.

# II. DEFENDANTS

2. Each defendant is sued individually and in his/her official capacity. At all times mention in this complaint, each defendant acted under the color of state law.

3. Defendant Tom Dart is the Sheriff of the Cook County sheriff's department and is legally responsible for the overall conduct and professionalism of the Cook County deputy sheriffs.

4. Defendant Mrs. Jones-Hayes is the Cook County department of corrections AD Superintendent for Division II and is legally responsible for it's operation and the safety and welfare of the detainees therein.

5. Defendant Mr. Holmes is the Senior Lieutenant and Assistant Superintendent of Division II of the Cook County Department of Corrections and legally shares the responsibility of the operation of Division II and the welfare of the detainees therein.

6. Defendant Clark is a deputy sheriff of the Cook County sheriff's department stationed at the time of this incident at the Cook County department of correction as an Internal Affairs Assistant.

## III. FACTS

7. On July 5, 2019 I, Plaintiff Anthony Dixon being detained in Cook County Department of Correction in Division II on the Second Chance Program tier (Housing unit) Along with the 47 other detainees on this tier were paying attention and listening to the Program Director Mr. Levell Gibson, the superintendent Mrs. Jones-Hayes, and the Assistant Superintendent Mr. Holmes give a presentation who was located on the front end of the tier. From the back end of the tier, members of the Internal Affairs unit including officer Clark rushed in to and was running from the entry of the back of the tier up to the front of the tier where everyone was located. They were saying something as they were running into the tier. Officer Clark ran towards my direction and should have recognized the tier was safe and secure by the presence of the Program director, the Superintendent and the Assistant superintendent being on the tier. Instead of paying attention to the fact that no reason existed to use excessive force or pay attention to the fact that no reason existed to assault or cause harm to anyone, officer Clark intented to come upon our living unit and cause harm to someone because he came straight in and ran straight to me and put his hands upon me, picked me up by the back belt area of my pants and threw me down to the floor. The Superintendent and the Assistant superintendent who watch the entire incident as it happened, did not try to stop officer Clark before it happened or didn't try to prevent further actions from officer Clark upon the detainees. I seen all the other detainees lying down upon the floor and I was in motion to do the same when officer Clark grabbed me and threw me down to the floor. I went unconscious for a moment or two and was laying on the floor, face down with pain flooding my body and dizziness overwhelming my being. I tried to get up off the floor on my own accord but I couldn't because of the pain and dizziness. The officer in charge of the tier for that day had to come and assist me get up off the floor and sit at a table. After sitting at the table for some time to let the dizziness and pain subside, I was escorted to health care upon my request. I was examined. My bruises and injuries was cared for. The officer of the tier for that day, officer Vasquez who helped me off the floor, was notified by health care staff that I would be late returning to the tier. My time with the medical unit was documented and the entire incident was recorded by the tier camera which took place in Division II on tier CB of the Cook County Jail between 12pm - 12:30 pm. I grieved this issue through the Cook County sheriff's office of Professional Review and their reply is seen in Exhibit "A". I grieved this issue with the Cook County Department of Corrections grievance system and is shown in Exhibit "B" and Exhibit "C" and I appealed the response of my grievance which is seen in Exhibit "D".

## IV. LEGAL CLAIMS

8. Plaintiff reallege and incorporate by reference paragraph 1-7

9. The failure of sheriff Tom Dart to Protect Plaintiff violated Plaintiff Anthony Dixon's rights and constituted a due process violation under The Fourteenth Amendment to the United States Constitution.

10. The failure of Superintendent Jones-Hayes to Protect Plaintiff AD Violated Plaintiff: Anthony Dixon's right and constituted a due Process Violation under the fourteenth Amendment to the United States Constitution.

11. The Failure of Lieutenant Holmes to Protect Plaintiff Violated Plaintiff Anthony Dixon's right and constituted a due Process Violation under the fourteenth Amendment to the United States Constitution.

12. Deputy Clark's use of Excessive force that led to Plaintiff's injury of his right Elbow Violated Plaintiff's rights and constituted Cruel and unusual Punishment under the Eighth Amendment of the United States Constitution.

13. Deputy Clark's use of Excessive Force that led to Plaintiff's injury of his left Elbow Violated Plaintiff's rights and constituted Cruel and unusual Punishment under the Eighth Amendment of the United States Constitution.

14. Deputy Clark's use of Excessive Force that led to Plaintiff's injury of his right knee Violated Plaintiff's rights and constituted Cruel and unusual Punishment under the Eighth Amendment of the United States Constitution.

15. Deputy Clark's use of Excessive Force that led to Plaintiff's injury of his left knee Violated Plaintiff's rights and constituted Cruel and unusual Punishment under the Eighth Amendment of the United States Constitution.

16. Deputy Clark's use of excessive force that led to Plaintiff's injury of his upper and lower back violated Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

17. Deputy Clark's use of excessive force that led to Plaintiff's injury of his head violated Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

18. Deputy Clark's use of excessive force that led to Plaintiff's emotional injury violated Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

19. Deputy Clark's use of excessive force that led to Plaintiff's mental injury violated Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

20. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the relief which Plaintiff seeks.

## V. RELIEF

WHEREFORE, Plaintiff respectfully ask that this court Enters Judgment granting Plaintiff:

21. A declaration that the Acts And omissions described herein violated Plaintiff's rights under the Constitution And laws of the United States.

22. A Preliminary And Permanent injunction ordering All Cook County Jail AD Deputy sheriffs Regularly scheduled training on how to handle human being detainees in Accordance to the Constitutional rights detainees have to fair treatment.

23. Compensatory damages in the Amount of $125,000 Against Each defendant, Net Jointly And Severally.

24. Punitive damages in the Amount of $125,000 Against Each defendant, Jointly And Severally.

25. Plaintiff's costs All Paid by defendants including, but not limited to Court cost, Filing fees, taxes on relief funds.

26. To be Allowed to sue defendants in their official capacity And individual capacity.

27. Any And All Additional relief this Court deems Just, Proper, And Equitable.

28. A Jury trial on All issues triable by Jury.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true.

I certify under penalty of perjury that the foregoing is true and correct.

Executed at Cook County Jail in Chicago IL on Dec 24th, 2019

Signature
Anthony Dixon
*Anthony Dixon*
#20190323131

"A"

 

**COOK COUNTY SHERIFF'S OFFICE**
**OFFICE OF PROFESSIONAL REVIEW**
3026 S. California, Bldg. 2, 4th Floor, Chicago, IL 60608
Telephone: (773) 674-7580

September 24, 2019

Detainee Anthony Dixon
#20190323131
DIV 11

Dear Complainant:

The Office of Professional Review has completed its review in case # DR2019-0208.

Due to the confidentiality issues, we are not at liberty to provide the findings of any investigation or the names of the Cook County Sheriff's Office employee(s) involved in the investigation.

Sincerely,

*Rochelle Parker*

Rochelle Parker
Director
Office of Professional Review

RP:ls
cc: case file

"B"

# COOK COUNTY SHERIFF'S OFFICE
*(Oficina del Alguacil del Condado de Cook)*

## INMATE GRIEVANCE FORM
*(Formulario de Queja del Preso)*

| CONTROL # | INMATE ID # |
|---|---|
| | |

### ! THIS SECTION IS TO BE COMPLETED BY INMATE SERVICES STAFF ONLY ! (! Para ser llenado solo por el personal de Inmate Services !)

- ☐ Emergency Grievance
- ☐ Grievance
- ☐ Non-Compliant Grievance
- ☐ Cermak Health Services
- ☐ Superintendent: _____
- ☐ Other: _____

**PRINT - INMATE LAST NAME** *(Apellido del Preso):* Dixon
**PRINT - FIRST NAME** *(Primer Nombre):* Anthony
**INMATE BOOKING NUMBER** *(# de Identificación del Preso):* 20190323131
**DIVISION** *(División):* Eleven (11)
**LIVING UNIT** *(Unidad):* CB 210
**DATE** *(Fecha):* 7/18/19

### GRIEVANCE GUIDELINES AND SUMMARY OF COMPLAINT

Your grieved issue must meet all criteria listed below in order to be assigned a control #, to be appealed and/or to exhaust remedies.
- The grieved issue is not one of the following non-grievable matters: inmate classification including designation of an inmate as a security risk or protective custody inmate, or decisions of the inmate disciplinary hearings officer.
- The grieved issue must have occurred within the last 15 calendar days unless the allegation is of sexual assault, sexual harassment, sexual abuse or voyeurism. If the grievance includes an allegation of sexual assault, sexual harassment, sexual abuse or voyeurism no time limits exist. If you believe an exception applies please see a CRW (Correctional Rehabilitation Worker.)
- The grieved issue must not be a repeat submission of a grievance collected within the last 15 calendar days.
- The grieved issue must not be a repeat submission of a grievance that previously received a response and was appealed.
- The grieved issue must not be a repeat submission of a grievance that previously received a response and you chose not to appeal the response within 15 calendar days
- The grieved issue must not contain offensive or harassing language.
- The grievance form must not contain more than one issue.
- The grievance issue must not pertain to non-jail related concerns such as with arresting agencies, judicial matters, or medical staff at outlying hospitals, etc.

### DIRECTRICES PARA AGRAVIOS Y RESUMEN DE QUEJA

El asunto de la queja tiene que satisfacer todo el criterio listado más abajo para obtener un número de control, para ser apelado y/o agotar todos los remedios posibles.
- El asunto de la queja no puede ser ninguno de los siguientes temas, que no se consideran quejas formales: Clasificación del preso incluyendo designación del preso. Tal como riesgo de seguridad o custodia de protección para los presos, o decisiones del oficial de audiencias disciplinarias para los presos.
- El asunto de la queja formal tiene que haber pasado en los últimos 15 días calendarios a menos que la acusación sea de acoso sexual, sexual hostigamiento, sexual abuso, O voyeurismo. Si la queja incluye acusaciones de acoso sexual, hostigamiento, voyeurismo, o abuso, no existe tiempo límite. Si usted cree que existe una excepción, hable o vea a un Trabajador de Rehabilitación Correccional (TRC/CRW).
- El asunto de la queja no puede ser una repetición de una queja sometida en los últimos 15 días calendarios.
- El asunto de la queja no puede ser una repetición de una queja previamente recibida y la cual ya ha recibido una respuesta y fue apelada.
- El asunto de la queja no puede ser una repetición de una queja previamente reciba y la cual ya ha recibo una respuesta y usted recibida no someter una apelación sobre la decisión dada en los 15 días calendarios.
- El asunto de la queja no puede contener lenguaje ofensivo o amenazante
- La solitud de la queja no puede contener más de un asunto.
- El asunto de la queja no puede corresponder a asuntos no relacionados con la cárcel tal como preocupaciones sobre la agencia de arresto, asuntos judiciales, o empleados médicos de hospitales periféricos, etc.

| REQUIRED - DATE OF INCIDENT *(Fecha del Incidente)* | REQUIRED - TIME OF INCIDENT *(Horad del Incidente)* | REQUIRED - SPECIFIC LOCATION OF INCIDENT *(Lugar Específico del Incidente)* | REQUIRED - NAME and/or IDENTIFIER(S) OF ACCUSED *(Nombre y/o Identificación del Acusado)* |
|---|---|---|---|
| 7/5/19 | Approx. | Div 11 Tier CB | Officer Clark |

On 7/5/19 while in a group meeting with Supt. Superintendent Jones, and Lt. Holmes and the lower half of tier CB, officer Clark, along with other [illegible] CAOs on this tier and officer Clark threw me to the ground causing injury to my lower Elbows, knees, back and head. There was no reason to put his hands on me because I was not [illegible] a threat to him and the scene was already secured.

**NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:** *(Nombre del personal o presos que tengan información:)*
Lt Holmes, Superintendent Jones [illegible]

**INMATE SIGNATURE:** *(Firma del Preso):* [signature]

SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATE GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

**CRW/PLATOON COUNSELOR (Print):** V. Butler
**SIGNATURE:** *V. Butler*
**DATE CRW/PLATOON COUNSELOR RECIEVED:** 7-19-19
**SUPERINTENDENT/DIRECTOR/DESIGNEE (Print):**
**SIGNATURE:** *Butler*
**DATE REVIEWED:**

(FCN-73)(NOV 17)    (WHITE COPY – INMATE SERVICES)    (YELLOW COPY – CRW/PLATOON COUNSELOR)    (PINK COPY – INMATE)

# Inmate Grievance Number: <u>2019x07644</u>
## Numero De Queja

Your allegation(s) have been forwarded to the Offices of Professional Review and Divisional Superintendent for review and/or investigation.

*Su alegación(es) han sido enviadas a la Oficina del Departamento de Revisión Professional (OPR) y al Superintendente de la División para una revisión y/o investigación.*

You may follow-up with the Office of Professional Review by contacting their office directly, by utilizing the address below *or* submitting an inmate request form, to speak with the Divisional Superintendent.

*Usted podrá darle seguimiento a su alegación(es), contactando al Departamento de Revisión Professional (OPR) de manera directa, utilizando la dirección que está en la parte de abajo o sometiendo una Forma de Solicitud del Preso para poder hablar con el Superviniente de la División.*

To exhaust your administrative remedy (regardless of the OPR investigation review, determination or outcome) you must appeal this immediate grievance response within 15 calendar days.

*Con el fin de agotar los recursos administrativos (independiente de la revisión de la investigación, decisión o el resultado de OPR) usted debe apelar la respuesta principal de esta queja dentro los 15 días calendarios.*

Wrote a request form to superintendent Jones on 7/24/19 to request a meeting to discuss my grievance of the conduct of officer Clark on 7/5/19

Office of Professional Review
3026 S. California Ave
Building 2 / 4th floor
Chicago, Illinois 60608

**INMATE COPY**

"D"

## COOK COUNTY SHERIFF'S OFFICE
(Oficina Del Alguacil del Condado de Cook)
**INMATE GRIEVANCE RESPONSE/APPEAL FORM**
(Formulario de Queja del Preso/ Apelación)

| CONTROL NUMBER | INMATE # |
|---|---|
| 2019X07466 | 0236263 |

### INMATE INFORMATION TO BE COMPLETED BY INMATE SERVICES PERSONNEL ONLY

**INMATE LAST NAME** (Apellido del Preso): Dixon
**INMATE FIRST NAME** (Primer Nombre): Anthony
**ID Number** (# de Identificación): 20190323131

**GRIEVANCE ISSUE AS DETERMINED BY CRW:** 26D - Misconduct (physical) by sworn staff

**IMMEDIATE CRW RESPONSE** (if applicable): CRW notified Division 11 Administration.

**CRW/ REFERRED THIS GRIEVANCE TO** (Example: Superintendent, Cermak Health Services): OPR-I.S.
**DATE REFERRED:** 7/19/19

### RESPONSE BY PERSONNEL HANDLING REFERRAL

- See attachment

**PERSONNEL RESPONDING TO GRIEVANCE (Print):** L. Hampton
**SIGNATURE:** [signature]
**DIV./DEPT.:** I.S.
**DATE:** 7/19/19

**INMATE SIGNATURE** (Firma del Preso): [signature]
**DATE RESPONSE WAS RECEIVED:** 7/19/19

### INMATE'S REQUEST FOR AN APPEAL (Solicitud de Apelación del Preso)

To exhaust administrative remedies, grievance appeals must be made within 15 calendar days of the date the inmate received the response. An appeal must be filed in all circumstances in order to exhaust administrative remedies.
(Con el fin de agotar los recursos administrativos, las apelaciones de las quejas se deben realizar en el plazo de 15 días después de que el recluso haya recibido la respuesta. La apelación se debe enviar en todos los casos a fin de agotar los recursos administrativos.)

**DATE OF INMATE'S REQUEST FOR AN APPEAL:** (Fecha de la solicitud de la apelación del preso): 07/24/19

I don't feel like Anything has been done to correct the situation. Based on the response I received from my grievance, I don't feel like any satisfactional correction, to ensure this does not happen to anyone else, has been applied. Have the offending officer been retrained, been placed on suspension without pay, Have he been penalized financially in any way? How do I ensure that any satisfactory (SEE BACK)

**ADMINISTRATOR/DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?** Yes (Sí) ☐ No ☒
(Apelación del preso aceptada por el administrador o/su designado(a)?)

**INMATE SERVICES DIRECTOR/DESIGNEE'S DECISION OR RECOMMENDATION:** Original Response to Stand

**INMATE SERVICES DIRECTOR/DESIGNEE** (Administrador o/su Designado(a)): J. Mueller
**SIGNATURE:** [signature]
**DATE:** 7/30/19

**INMATE SIGNATURE** (Firma del Preso): [signature]
**DATE APPEAL RESPONSE WAS RECEIVED:** 7/31/19

(FCN-72) (NOV 17)    (WHITE COPY – INMATE SERVICES)    (YELLOW COPY – C.R.W.)    (PINK COPY – INMATE)

INMATE COPY



Anthony Dixon
#20190323131
P.O. Box 089002
Chicago IL 60608

1:20-cv-01524
Judge Steven C. Seeger
Magistrate Judge Sidney I. Schenkier
PC 1

Clerk of the Court
United States Courthouse
211 South Court Street
Rockford, IL 61101