UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Anthony Terrel Dixon
Plaintiff

v.

Superintendent Jones-HAYES, et. al.
Defendants

CASE NO. 20 CV 1524
Hon. Steven C. Seeger
Hon. Heather K. McShain

FILED
MAR 9 2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## Plaintiff's Position Statement

### 1. Nature of Action

On July 5, 2019 Plaintiff was a pretrial detainee of the Cook County Jail. While on the living unit of Division 11 tier CB, Plaintiff was attending a presentation given by Superintendent Jones-Hayes, Lieutenant Holmes and Program director Luvell Gipson. With his full attention upon the presentation in front of him, Plaintiff was grabbed from behind wedgy-style but my pants, by Cook County Deputy Sheriff Officer Clark and raised in the air and thrown down to the ground, by this oversized officer upon his face and front side of his body, in the presence of his superiors, who did nothing to stop officer Clark and did not discipline him for it afterwards.

2. <u>Theory of liability</u>

- Superintendents and Lieutenants who are witnessing any type of excessive force upon detainees, as in this case, has a responsibility and duty to intervene and stop the physical abuse. They did not intervene.

- Superintendents and Lieutenants are accountable for the actions of their subordinates when the superintendents and Lieutenants have had multiple opportunities to stop, prevent, and deter the abusive actions of their subordinates and neglect those opportunities, as in this case.

- Superintendaants and Lieutenants have the responsiblity and duty of ensuring an officer have the proper training for any position they participate in. These superiors did not do this and as a result Plaintiff was un-necessarily injured seriously. Especially in high intensity task force raids. Officer Clark is trained to use a mop as a custodial maintenance officer and not trained on making quick dicisive dicisions or deciphering hostile and non-hostile detainees during a high intensity raid, as Internal Affairs officers are.

- Officer Clark was disciplined for previous attacks on detainees before. He has a history of harmful and violent behavior towards detainees but was still allowed by these superiors of his to work in high intensity position where he is not trained for and is not position in. Clark volunteers to Internal Affairs because of his huge size.

- Defendants Jones-Hayes, Holmes, And Clark Are liable for my injuries And the damages they caused And they are liable And Accountable for Allowing these injuries And damages to take place. Under the color of law they have violated, Amongst other rights of Plaintiff, The due process clause which protects me As A Pretrial detainee from the use of Excessive Force.

- There were no need for the Application of force because All the detainees was paying Attention to the presentation being given by the superintendent, Lieutenant And Program director who was monitoring And supervising All the detainees.

- The excessive force Applied by officer clark And the failure to Act on the parts of superintendent Jones-Hayes And Lieutenant Holmes could not be Justified by Any legitimate law enforcement or Jail management need And was completely out of proportion to those needs. These Actions And inActions were designed for the sole purpose of depriving, hurting And frightening the plaintiff And all the other detainees present.

- Superintendent Jones-Hayes And Lieutenant Holmes Are not only liable for their inActions but Are Also liable for the Actions of officer clark because they set in motion A series of Acts through officer clark by Allowing clark to Volunteer untrained As An Internal Affair officer knowing he would inflict constitutional injury to Another detainee. As Superiors, their conduct shows A reckless And callous indifference to the rights of Pretrial detainees.

- Defendant Jones-Hayes and Lieutenant Holmes have weakened the protective measures used for detainees by allowing their subordinates to hurt people with no effective discipline applied for the actions. They have failed to instruct, failed to train, failed to supervise subordinate, failed to respond to evidence of misconduct by subordinate even though they have the power to ~~act~~ AD correct and the duty to act and are not powerless to act.

3. <u>Itemization of Damages</u>

The following is a list of the damages incurred due to the negligence of Defendant Jones-Hayes and Defendant Holmes and the excessive force applied by Officer Clark concerning Plaintiff:

- Migraine headaches at time of and from time of incident up to and including current time period.

- General body aches at time of and from time of incident up to and including current time period.

- Loss of consciousness at time of incident

- Swelling and pain in left elbow and right elbow

- Swelling and pain in left knee and bleeding from the right knee.

- Pain and injury to neck at time of and from time of incident up to and including current time period.

- Pain and Injury to upper back at time of and from time of incident up to and including current time Period.

- Pain and injury to lower back at time of and from time of incident up to and including current time Period.

- Money spent from July 2019 up to current time for Pain medi~~cati~~ medication.

- The non-compliance of Superintendent Jones-Hayes and her attorney(s) and Lieutenant Holmes and his attorney(s) to the court ordered instructions of letting U.S. Marshals know the whereabouts of co-worker officer Clark.

- Filing Fees of $350.

- Litigation Fees (copies, postage, etc.) of $157.93

- Emotional distress

- Mental distress

- Long-term medical care for my injuries and pains

- Wage loss from jobs I couldn't work due to pain from injuries during incarceration in the amount of $563.91 (from July 2019 - Jan. 2020)

4. Plaintiff's Proposal

Plaintiff Anthony T. Dixon humbly propose the following:

- That all defendants be held liable for their actions and inactions, jointly and separately, which led up to and including the negligence and injuries applied toward Plaintiff.

- That superintendent Jones-Hayes and Lieutenant Holmes be held accountable for the actions of their subordinates, officer Clark.

- That all filing fees and litigation fees be reimbursed to Plaintiff.

- That compensatory damages be awarded in the amount of $17,247.03

- That any and all medical expenses now and in the future that arise as a result of the injuries suffered herein be paid by defendants.

- That mental and emotional damages be awarded in the amount of $6,214.74

- That reimbursement for pain medication purchased by Plaintiff from 7/5/19 up to 2/26/21 be awarded in the amount of $251.96

- That damages be Awarded for Pain And Suffering in the Amount of $12,617.47

- That Punitive damages be Awarded in the Amount of $32,637.17

- That Any other reparations And/or Awards this Court deem Proper for Plaintiff to receive be order to Plaintiff.

- That Superintendnant Jones-Hayes And Lieutenant Holmes And officer clark receive the training their Position And Volunteering Position requires.

Respectfully Submitted,

Anthony T. Di[xon]
Anthony T. Dixon
2/28/21

## HIPAA PRIVACY AUTHORIZATION
### For Disclosure of Protected Health Information
### Relevant To Litigation or Pending Claims

Patient's Name: __Anthony Terrell Dixon__ Inmate #: __0236263__

Address: __Hill Correctional Center- HIL, P.O. Box 1700, Galesburg, IL 61402__

Date of Birth: __March 4, 1977__

1. I make this Authorization for the purposes of copying records in connection with a lawsuit or claim to which I am a party.

2. This authorization is directed to and applies to protected health information maintained by: <u>Cermak Health Services and Stroger Hospital.</u>

3. I hereby authorize the above, its directors, administrative and clinical staff or assignees, medical information services and billing departments to release any and all medical records and information from my date of birth to the present unless specified otherwise, relating to my care and treatment including x-rays, photographs, electronic and digital files and any other records, unless I expressly direct or specify otherwise. I understand that medical information may include records, if any, relating to treatment for alcohol and drug abuse protected under the regulations in 42 C.F.R. Part 2; psychiatric/psychological services and social work records and any information regarding communicable diseases and infections, tuberculosis, venereal disease, sexually transmitted diseases, acquire immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV) or ARC.

4. This information is to be released for copying purposes to: Cook County State's Attorney's Office (Assistant State's Attorney Danielle A. Mikhail) or their agent, RECORD COPY SERVICES.

5. I understand that information used or disclosed pursuant to this authorization may be disclosed by the recipient and may no longer be protected by the Federal Privacy Rules.

6. This authorization shall be in force and in effect until the conclusion of the pending litigation or claim unless otherwise specified.

7. I understand that I have the right to revoke this authorization ay any time. I understand that if I revoke this authorization I must do so in writing and send it to the hospital, doctor or other custodian of medical information. I understand that the revocation will not apply to information that has already been released in response to this authorization.

8. I understand that authorizing the release of this health information is voluntary and that I need not sign this form in order to ensure health care treatment, eligibility for benefits, payment or health plan enrollment.

9. A copy of this authorization is as valid as the original.

**ALL PERTINENT SECTIONS OF THIS FORM MUST BE COMPLETED BEFORE SIGNING**

2/28/21
Date

X _[signature]_
Signature of Patient or Legal Representative

Plaintiff, Pro SE
Description of Legal Representative's Authority or Relationship

Print Name of Patient or Legal Representative

Dear Judge McShain

I have previously written you a letter explaining why I couldn't get this court ordered Proposal in to you before 2/26. We have no law library attendant due to Covid-19.

Please send a copy of this proposal and release form to defense counsel. Thank you. Hopefully, defense counsel and I can come to an agreement outside of your courtroom And if not, now that I have my proposal in according to your instructions, we can proceed on March 22nd or ASAP.

Respectfully submitted,

Anthony O.

Plaintiff Anthony T. Dixon
#K68178
P.O. Box 1700
Galesburg IL 61402

THIS CORRESPONDENCE IS FROM
AN INMATE IN THE ILLINOIS
DEPARTMENT OF CORRECTIONS

LEGAL MAIL

UNITED STATES DISTRICT COURT
Chambers of Honorable Heather K. M.Shain
219 S. Dearborn Street, Room 1756
Chicago IL 60604